JACOB FLOERSHEIM v. WILLIAM W. VOSBURGH.

*Statute of limitations—Payment—Evidence.*

In a suit upon an open account, against which the statute of limitations had run unless a payment had been made as testified by the plaintiff, a letter written by the defendant to the plaintiff about two years after the time the payment is claimed to have been made, asking for a statement of defendant's account, and stating that plaintiff knew that defendant had paid some on it, is admissible as bearing upon the question of such payment.

Error to St. Joseph. (Loveridge, J.) Submitted on briefs January 2, 1894. Decided February 12, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*S. M. Constantine,* for appellant.

*Howell, Carr & Barnard,* for plaintiff.

LONG, J. This action was brought in justice's court, and, on appeal to the circuit, plaintiff had verdict and judgment.

The account, as claimed by the plaintiff, consisted of two items,—one of September 25, 1882, for $128.94; and the other of December 8, 1882, for $63.75. A credit of $14.62 is given in December, 1882. Defendant did not admit any of the claims, but, his books having been burned,

he was not able to state what the account was. He pleaded the statute of limitations. Plaintiff, to bring the case out of the statute, claimed on the trial that there was paid to him by defendant on October 23, 1885, the sum of $10 on this account. He offered in evidence a letter from defendant of October 29, 1887, as follows:

"Messrs. J. Floersheim & Co.

"*Gentlemen:* Will you please send me a statement of my account? You know I have paid some of it, and would like a statement."

Plaintiff claimed that this letter showed an amount due him on this account, and that the statement in the letter related, not only to credits given in the year 1882, but also to the $10 credit of 1885. This question was submitted to the jury, and they were instructed substantially that they could consider this with other evidence, and, if they found that the defendant made the payment to plaintiff of the $10, October 23, 1885, to apply on the account, such payment would keep the account alive, and entitle plaintiff to recover. This raised the principal question in the case.

We think the court was not in error in letting the jury consider this letter with the other evidence, as bearing upon the question of credits. Plaintiff testified positively to the payment of the $10 as of that date. Defendant denied the payment, and it was a question for the jury to determine whether it was made or not. The letter had some bearing upon that subject.

Some other questions are raised, which we do not deem it important to discuss. We have examined the record carefully, and find no error, and it would not be profitable to discuss all the errors assigned upon the admission and rejection of evidence.

Judgment must be affirmed.

The other Justices concurred.